IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01120-BNB

BILLY VON HALLCY,

Plaintiff,

v.

SERGEANT BARTSCH, Personal Capacity, Civil Action,
EXECUTIVE DIRECTOR TOM CLEMENTS, and
INTERIM EXECUTIVE DIRECTOR ROGER WERHOLTZ, et al., Civil Action,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Billy Von Hallcy, is an inmate in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hallcy has filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He seeks damages as relief.

Mr. Hallcy has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Hallcy's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

The Court must construe the Prisoner Complaint liberally because Mr. Hallcy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Hallcy's allegations in the Prisoner Complaint relate primarily to harassment and retaliation by Sergeant Bartsch. According to Mr. Hallcy, he was harassed because of a knit cap he wore at his prison job in the laundry department, and the harassment later escalated in February 2012 to physical retaliation and the loss of his prison job. Mr. Hallcy also asserts that he filed step 1, 2, and 3 grievances against Sergeant Bartsch because of the harassment, but the grievances he filed did not result in an adequate remedy. Construing the Prisoner Complaint liberally, it appears that Mr. Hallcy is claiming Sergeant Bartsch violated his rights under the Fourth and Eighth Amendments, retaliated against him for filing grievances, and denied him due process. In addition to his claims against Sergeant Bartsch, Mr. Hallcy asserts a due process claim against former DOC Executive Director Tom Clements and DOC Interim Executive Director Roger Werholtz because the DOC grievance procedure did not provide an adequate remedy.

Mr. Hallcy previously filed a lawsuit in the District of Colorado raising nearly identical claims against Sergeant Bartsch and former DOC Executive Director

Clements. *See Hallcy v. Bartsch*, No. 12-cv-00534-CMA-MJW (D. Colo. Sept. 4, 2012), *aff'd sub nom. Hallcy v. Clements*, No. 12-1381, 2013 WL 1223799 (10th Cir. Mar. 27, 2013). In case number 12-cv-00534-CMA-MJW, Mr. Hallcy's due process claim against former DOC Executive Director Clements was dismissed as legally frivolous and his Eighth Amendment, retaliation, and due process claims against Sergeant Bartsch were dismissed for failure to state a claim.

The instant action differs from case number 12-cv-00534-CMA-MJW in only two respects. First, in addition to his Eighth Amendment, retaliation, and due process claims against Sergeant Bartsch, Mr. Hallcy also claims in the instant action that Sergeant Bartsch violated his Fourth Amendment rights. Second, Mr. Hallcy has added DOC Interim Director Werholtz as a Defendant in the instant action in connection with his due process claim against former DOC Executive Director Clements.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972). The Court has consulted its records and finds that Mr. Hallcy's Eighth Amendment, retaliation, and due process claims against Sergeant Bartsch and his due process claim against former DOC Executive Director Clements are repetitive of claims he raised in 12-cv-00534-CMA-MJW. Those claims will be dismissed as legally frivolous and malicious because they are repetitive.

The Court also finds that Mr. Hallcy's Fourth Amendment claim against Sergeant

Bartsch and his due process claim against DOC Interim Executive Director Werholtz, the only claims in the instant action that were not actually raised in case number 12-cv-00534-CMA-MJW, must be dismissed as legally frivolous. With respect to the Fourth Amendment claim, Mr. Hallcy's vague and conclusory reference to the Fourth Amendment is not sufficient to support a cognizable claim. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

With respect to the due process claim against DOC Interim Executive Director Werholtz, the claim is legally frivolous for the same reasons the due process claim against former DOC Executive Director Clements was dismissed as legally frivolous in 12-cv-00534-CMA-MJW. In particular, Mr. Hallcy fails to allege facts that indicate DOC Interim Executive Director Werholtz was involved in any way with the grievances he filed and he fails to allege facts sufficient to support a claim of supervisory liability. *See Dodds v. Richardson*, 614 F.3d 1185, 1198-99 (10th Cir. 2010). In addition, Mr. Hallcy's contention that the DOC grievance procedure did not provide an adequate remedy for his grievances against Sergeant Bartsch does not demonstrate a violation of his constitutional right to due process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circuits have held "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure).

For these reasons, the Prisoner Complaint will be dismissed as legally frivolous and malicious. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 22nd day of May, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court